UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,                           Case No. 07-13687

       Appellant,

v.                                  Nancy G. Edmunds
                                   United States District Judge

STATE TREASURER, ET.AL.,       Honorable R. Steven Whalen
                                   United States Magistrate Judge

       Appellees.
_____/

**REPORT AND RECOMMENDATION**

Appellant Gary Hann appeals a final order of the United States Bankruptcy Court for the Eastern District of Michigan dismissing his case. Before the Court is the Appellee's Motion to Dismiss Appeal [Docket #19], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Appellees' motion be GRANTED, and the appeal DISMISSED.

I.     **PROCEDURAL AND FACTUAL HISTORY**

In 2002, Appellant Gary Hann was convicted in state court of possession of child sexually abusive material and using the internet to commit a crime against a minor, and was sentenced to a prison term of 2 to 20 years. Pursuant to Michigan's State Correctional Facility Reimbursement Act (SCFRA), M.C.L. § 800.401, *et.seq.*, the State filed suit

against Appellant in the Oakland County Circuit Court, seeking reimbursement from three of his IRA accounts with Charles Schwab & Company. Hann sought to remove that case to this Court, arguing that ERISA applied, and therefore federal court had exclusive jurisdiction. *See Hann v. State Treasurer*, Docket No. 04-70977. On February 22, 2005, I filed a Report and Recommendation in that case, recommending that the Defendant State Treasurer's motion to remand be granted because (a) the anti-alienation provision of ERISA does not protect funds in a private IRA and (b) state circuit courts have exclusive jurisdiction over all proceedings pertaining to SCFRA claims. Judge Rosen adopted my Report and Recommendation on June 17, 2005, remanding the case.

Subsequent to Hann's notice of removal, on February 18, 2004, Judge Mester of Oakland County Circuit Court issued a final opinion and order directing that 90% of the IRA assets be turned over to the state to be applied to the cost of Hann's incarceration. The Michigan Court of Appeals did not accept Hann's appeal of Judge Mester's decision because it was filed untimely. The Michigan Supreme Court denied leave to appeal, *see State Treasurer v. Hann*, 473 Mich. 885, 699 N.W.2d 705 (2005), and the United States Supreme Court denied certiorari, *see Hann v. State Treasurer*, 126 S.Ct. 2300 (2006).

On April 7, 2005, Hann filed a *pro se* civil rights action in this Court. *See Hann v. State of Michigan, et.al.*, Docket No. 05-71347, raising numerous claims against numerous defendants. Pertinent to the present case, he claimed in Count III of his complaint that the taking of his IRA funds violated the Fourth Amendment, the Due Process Clause, ERISA, the Internal Revenue Code and SCFRA. On March 2, 2007, Magistrate Judge Komives

issued a Report and Recommendation that these claims be dismissed, stating, "[I]t is clear that this Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the *Rooker-Feldman* doctrine."[1] On May 29, 2007, Judge Borman adopted the Report and Recommendation, and dismissed Hann's case.

On October 12, 2005, Hann filed for Chapter 7 relief in Bankruptcy Court. On January 19, 2007, he filed an adversary proceeding in Bankruptcy Court, again seeking recovery of the funds taken from his Schwab IRA's under SCFRA. He also argued that his debt to the Department of Corrections was discharged. *Hann v. State Treasurer, et.al.*, Bankruptcy Court No. 05-79798-R. On August 8, 2007, Chief Bankruptcy Judge Steven Rhodes dismissed Hann's complaint under *Rooker-Feldman*:

> "Hann's complaint asserts that the February 18, 2004 state court order is void because it was entered while the matter was removed to and under the jurisdiction of the federal court. The *Rooker-Feldman* doctrine precludes this Court from considering such an assertion. Any such challenge regarding the state court judgment belongs before the state courts.
>
> "Indeed, the district court recently made the same determination. Hann filed a complaint in the U.S. District Court for the Eastern District of Michigan which included a count against the defendants here for unlawfully taking his IRA funds. The court dismissed that count after concluding that Hann's claims against the defendants were barred by the *Rooker-Feldman* doctrine."

As to Hann's claim that his debt to the MDOC was somehow discharged, Judge Rhodes stated:

---

[1] *See Rooker v. Fidelity Trust Co*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

"Hann also alleges that the debt to the Department of Corrections was discharged. However, the filing of a bankruptcy petition does not operate to retroactively discharge a debt that was paid several years pre-petition."

On January 4, 2008, this Court entered a scheduling order setting a due date of February 15, 2008 for Appellant Hann's brief. Hann's motion to extend this time was subsequently granted, and the Court set a date of May 1, 2008 for Appellant's brief.

On June 4, 2008, Appellee filed its motion to dismiss for failure to prosecute [Docket #19]. On June 11, 2008, Magistrate Judge Komives, to whom the case was previously assigned,[2] set a response date of July 30, 2008. Hann filed his response to this motion on July 21, 2008, but has not filed his brief on appeal.

## II. DISCUSSION

Citing *Barclay v. U.S. Trustee, Hackett*, 106 Fed.Appx. 293 (6th Cir. 2004) and *In re Buscemi's Int'l, Inc.*, 64 Fed.Appx. 910 (6th Cir. 2003), Appellee moves to dismiss this appeal because Appellant Hann has failed to file his brief, despite being given repeated extensions of time to do so. I agree. Dismissal of a case for failure to prosecute is also provided for in Fed.R.Civ.P. 41(b):

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

---

[2] Magistrate Judge Komives recused himself on October 8, 2008, and the case was reassigned to me.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.,* 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link,* 370 U.S. at 629-630.

Although Hann has filed non-dispositive motions seeking discovery and renewing a patently frivolous motion to remand to a Bankruptcy Appellate Panel, those motions do not operate to stay the scheduling order set by this Court. Nor has Hann seen fit to file a motion to extend the time for filing his brief. Therefore, it is entirely appropriate to dismiss this appeal for failure to prosecute.

However, it is also abundantly clear that Hann's appeal should be dismissed on the merits, for at least two reasons. First, Bankruptcy Judge Rhodes was correct that Hann's claims regarding his IRA are barred under the *Rooker-Feldman* doctrine. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp*. 544 U.S. 280, 284, 125 S.Ct. 1517, 1521 - 1522 (2005), the Supreme Court described the doctrine as follows:

> "The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

In my previous Report and Recommendation in case no. 04-70977, which Judge Rosen adopted, I found that ERISA did not protect Hann's private IRA funds, and that the

-5-

state court had "exclusive jurisdiction over all proceedings pertaining to SCFRA claims." I further stated that "[i]f Plaintiff believes the [state court's] decision was made in error, his remedy is in the state court upon remand." When Hann filed his adverse proceeding in Bankruptcy Court, he did so as a classic "state court loser" seeking, in effect, federal district court review of a state court decision. His proper remedy–which he in fact pursued, albeit unsuccessfully–was to petition the United States Supreme Court to review the final order of the Michigan Supreme Court. As a matter of federal jurisdiction, *Rooker-Feldman* bars review of the state court judgment by the Bankruptcy Court or by this Court.

Secondly, both the adverse proceeding in Bankruptcy and the present appeal are barred under principles of res judicata. All of the claims that Hann raised in the bankruptcy proceedings were raised and decided, or could have been raised and decided, in the state proceedings. Moreover, all of his issues related to the IRA and SCFRA were raised and rejected in Hann's previous civil rights action in this Court. *See Hann v. State of Michigan, et.al.*, Docket No. 05-71347. He has repeatedly lost, and he cannot resurrect those issues indirectly by way of a bankruptcy appeal.

This Court has the inherent authority to dismiss a frivolous case. "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (citing

*Hagans v. Lavine,* 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). The same reasoning applies to a frivolous bankruptcy appeal such as this one. Mr. Hann is apparently engaging in a revolving door strategy where he loses in both state court and in this Court, then raises the same issue in Bankruptcy Court, and then bounces back to this Court for another go-around.[3]

Thus, both for Appellant's failure to prosecute and because the underlying issues are totally devoid of merit, this appeal must be dismissed.

### III. CONCLUSION

I recommend that Appellees' Motion to Dismiss [Docket #19] be GRANTED, and the appeal DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

---

[3] Hann's other argument, regarding the retroactive discharge of a debt that was satisfied before a bankruptcy petition was filed has no legal basis whatsoever, as correctly recognized by Judge Rhodes.

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 28, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 28, 2009.

s/Susan Jefferson
Case Manager
